## BOND-CONNELL SHEEP CO. v. MIERA et al.

### In re MIERA'S ESTATE.

(No. 2349. July 1, 1920.)

SYLLABUS BY THE COURT.

Contract for purchase of sheep construed.

Appeal from District Court, Sandoval County: Raynolds, Judge.

Action by the Bond-Connell Sheep Company against V. S. Miera and others, as administrators with will annexed of the estate of E. A. Miera, deceased. Judgment for plaintiff, and defendants appeal. Affirmed.

A. B. RENEHAN, of Santa Fe, for appellants.

A. B. McMILLEN, of Albuquerque, for appellee.

OPINION OF THE COURT.

ROBERTS, J.   On March 11, 1916, E. A. Miera, of Cuba, New Mexico, signed the following contract:

"SHEEP CONTRACT.

"Albuquerque, N. M., March 11, 1916.

"This is to certify that I have this day sold to Bond-Connell Sheep & Wool Company, or their representative, of Albuquerque, N. M., not less than 5,000 to 8,000 head of unshorn lambs out of my flocks, and what I purchase and all the lambs I sell, Navajo Lambs not included in this contract, earmarked, at the price of seven cents per pound to be delivered f. o. b. cars, weighing and inspection fees paid, at Lamy, N. M., between the 15th day of Nov., 1916, and the 20th day of Nov., 1916, at the option of the buyers and subject to the raliroad company furnishing cars (seller to hold lambs at their own expense until cars are furnished). Said lambs to be free from body wrinkles, from scab and all other diseases, and to pass both U. S. government and state inspections. I further agree that I will not top my herds before making delivery on this contract. At the time delivery is made the lambs are to be in good merchantable condition to have dry fleeces and the minimum weight of any lamb on this sale shall not be less than 45 pounds, and the average weight not less than 53 pounds after the same have been in a dry corral without feed and water for at least twelve hours.

"Received on this bill of sale as part payment the sum of three thousand dollars ($3,000.00) balance to be paid when delivery is completed. All cull lambs (nothing under 35 pounds) at 6½ cts. All subject to conditions named in contract above.

"(Signed) E. A. MIERA."

The contract was accepted by the Bond-Connell Sheep & Wool Company in writing, and $3,000 was paid in cash on the contract at that time. Before time for

performance of the contract Miera died, and his administrators delivered to the Bond-Connell Company 1,329 lambs, which averaged 53 pounds in weight, all being over the minimum weight of 45 pounds. 1,451 "cull" lambs were delivered at the same time.

Appellee sued appellant in the court below for damages for failure to deliver a minimum of 5,000 head of lambs of the average weight of 53 pounds, claiming that only 1,329 lambs of the kind contracted for had been delivered, and that appellants should have delivered 3,671 additional lambs of such average weight.

The only controversy in the court below and here is as to the construction of the contract. Appellants' contention is that the "cull" lambs should have been counted in on the 5,000 head, delivery of which was guaranteed; while appellee contends that under the contract appellants intestate guaranteed the delivery of 5,000 head of lambs of the average weight of 53 pounds, none of which should weigh less than 45 pounds. The trial court accepted appellee's construction of the contract, and entered judgment for it against appellants in the sum of $2,918.44. There is no dispute but that the amount of the judgment is correct if the construction placed upon the contract was warranted by its terms.

We construe the contract as did the trial court. Under this contract Miera warranted that there would be not less than 5,000 head of unshorn lambs, none to be less than 45 pounds in weight, and to average 53 pounds. The "cull" lambs were to be received and accepted by appellee, but it was not contemplated that they should be counted on the contract.

Appellants argue that the court erred in permitting the contract to be put in evidence, but there is no merit in this contention.

For the reasons stated, the judgment will be affirmed; and it is so ordered.

PARKER, C. J., concurs.

RAYNOLDS, J., having tried the case below did not participate in this opinion.